**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4963**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

CHRISTOPHER MOORE,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James P. Jones, District Judge. (2:11-cr-00004-JPJ-PMS-1)

_____

Submitted: April 29, 2013        Decided: July 5, 2013

_____

Before NIEMEYER, DIAZ, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John E. Davidson, DAVIDSON & KITZMAN, PLC, Charlottesville, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Zachery T. Lee, Assistant United States Attorney, Galen B. Bascom, Law Intern, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Moore was charged with assault on a federal official involving physical contact and inflicting bodily injury, in violation of 18 U.S.C.A. § 111(a), (b) (West Supp. 2012). A jury convicted Moore of more than simple assault, in violation of § 111(a). The court sentenced him to twenty-four months' imprisonment. Moore appeals his conviction, raising several challenges to the evidence admitted and excluded at trial. Finding no reversible error, we affirm.

Moore first argues that the district court erred in permitting the Government to introduce his confession for the first time in rebuttal. We review a district court's decision to permit rebuttal evidence for abuse of discretion. United States v. Byers, 649 F.3d 197, 213 (4th Cir.), cert. denied, 132 S. Ct. 468 (2011). The district court is permitted to exercise "reasonable control over the mode and order of examining witnesses and presenting evidence." Fed. R. Evid. 611(a). "'Rebuttal evidence is defined as evidence given to explain, repel, counteract, or disprove facts given in evidence by the opposing party' or '[t]hat which tends to explain or contradict or disprove evidence offered by the adverse party.'" Byers, 649 F.3d at 213 (quoting United States v. Stitt, 250 F.3d 878, 897 (4th Cir. 2001)). "Ordinarily, rebuttal evidence may be introduced only to counter new facts presented in the

defendant's case in chief." Allen v. Prince George's County, Md., 737 F.2d 1299, 1305 (4th Cir. 1984) (citation omitted).

Moore contends that the confession would have been admissible in rebuttal only if he had taken the stand to deny committing the offense. Moore also argues that the rebuttal testimony prevented him from knowingly and voluntarily waiving his right to testify, implying that his choice may have been different had he known his confession would later be admitted.

We conclude the district court did not abuse its discretion in admitting Moore's confession in rebuttal, as the confession was directly contrary to the evidence adduced in the defense's case-in-chief. And while we recognize that a defendant's decision whether or not to testify "is an important tactical decision as well as a matter of constitutional right," Brooks v. Tennessee, 406 U.S. 605, 612 (1972), Moore has not established that his right to testify was impermissibly infringed by the delayed introduction of his confession. As the Government argues, Moore was not wholly deprived of the ability to testify in response to the confession, as he could have attempted to testify in sur-rebuttal. We therefore find no reversible error on this ground.

Moore next challenges the court's decision to prevent a defense witness from testifying as to whether a video presented to the jury showed Moore acting aggressively in the

minutes after the alleged assault. We review the district court's evidentiary rulings for abuse of discretion. Johnson, 617 F.3d at 292. We will not reverse non-constitutional error if the government meets its burden to demonstrate that the error "did not have a substantial and injurious effect or influence in determining the jury's verdict." See United States v. Ibisevic, 675 F.3d 342, 349 (4th Cir. 2012) (internal quotation marks omitted).

Relevant evidence is generally admissible unless its probative value is substantially outweighed by its cumulative or unfairly prejudicial effect. See Fed. R. Evid. 402, 403. "The threshold for relevancy is relatively low." United States v. Powers, 59 F.3d 1460, 1465 (4th Cir. 1995). Evidence is relevant when "it has any tendency to make . . . more or less probable" any fact "of consequence in determining the action." Fed. R. Evid. 401.

Contrary to Moore's assertions, we conclude that exclusion of testimony interpreting the video, from an individual who had not witnessed the events depicted in the video, did not deprive him of "a meaningful opportunity to present a complete defense." See Crane v. Kentucky, 476 U.S. 683, 690 (1986) (internal quotation marks omitted). As the district court recognized, the jury was as equally capable as the witness of interpreting Moore's conduct in the video.

4

Further, the excluded testimony addressed an issue tangential, at best, to the disputed elements of the offense, and another witness actually present during the events depicted in the video testified that Moore did not act aggressively. Thus, we find no error in the district court's ruling. In any event, we conclude any error in the exclusion of this evidence would be harmless. See Ibisevic, 675 F.3d at 349 (standard).

Finally, Moore argues that the district court improperly permitted the Government to elicit testimony from the alleged victim, Jessee Boggs, regarding his medication for anxiety and his inability to continue to work as a correctional officer as a result of his injury. Because Moore did not object to this evidence in the district court, we review it for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993). Under this standard, reversal is appropriate only if Moore meets his burden to establish that error occurred, the error was plain under established law, it affected his substantial rights, and it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Rolle, 204 F.3d 133, 138-39 (4th Cir. 2000) (internal quotation marks omitted); see United States v. Marcus, 130 S. Ct. 2159, 2164 (2010). An error is plain if it is "clear or obvious" under prevailing law, "rather than subject to

reasonable dispute." Marcus, 130 S. Ct. at 2164 (internal quotation marks omitted).

Whether the defendant "inflicts bodily injury" is an element of a § 111(b) offense. United States v. Campbell, 259 F.3d 293, 298 (4th Cir. 2001). Moore actively disputed this element, asserting that Boggs' injury was preexisting and not the result of his confrontation with Moore. We conclude that the challenged testimony, establishing the extent and consequences of Boggs' injury, was relevant to prove the existence of the injury and not so unduly prejudicial that its admission constituted plain error.

Accordingly, we affirm the district court's judgment. We deny Moore's motions for leave to file pro se supplemental briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED